**Morris YELEN, Appellant,**

v.

**Carl A. BANKS and Firemen's Insurance Company of Washington and George-town, a corporation, Appellees.**

No. 2248.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 15, 1958.
Decided Dec. 2, 1958.

I. Irwin Bolotin, Washington, D. C., for appellant.

De Long Harris, Washington, D. C., for appellee Banks.

N. Meyer Baker, Washington, D. C., with whom James M. Buzard and Mercier, Sanders, Baker & Schnabel, Washington, D. C., were on the brief, for appellee Firemen's Ins. Co. of Washington and Georgetown.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee Banks owned a rooming house which was damaged by fire. Three days after the fire appellant Yelen with his associate Levine went to Banks' residence and solicited an agreement whereby Yelen would be engaged to represent Banks in collecting the fire insurance. As a result Banks signed an agreement authorizing Yelen to ascertain the loss and negotiate settlement, and providing for a fee to Yelen of one-third of the amount collected.

Yelen prepared an estimate and proof of loss in the amount of $3,343.86 and mailed it to General Adjustment Bureau, Inc., the adjuster for appellee Firemen's Insurance Company of Washington and Georgetown. He also sent a copy of his agreement with Banks to the insurance company. The adjustment bureau promptly rejected the proof of loss on the ground that it did "not appear to represent the actual extent of the damage," notifying both Banks and Yelen. Thereafter the adjustment bureau made an offer of settlement of $700, which offer was rejected by Yelen. Yelen testified that he communicated the offer to Banks who also rejected it, but Banks denied knowing of the offer or of Yelen's rejection of it.

Yelen was usually out of the city and Banks had difficulty in reaching him. Finally he was able to communicate with Yelen (or his agent Levine) and told him that he (Banks) was going to settle the claim. He thereafter went to the adjustment bureau, obtained an offer of $700, accepted it and signed a proof of loss to that effect. Yelen then sued Banks and the insurance company for one-third of $700, the amount paid in settlement.

The trial court found that Yelen prepared an excessive proof of loss, reject-

ed the $700 offer and then did nothing further, and the court concluded that Banks had justifiably terminated Yelen's contract. Accordingly the court denied Yelen's claim. The findings are supported by substantial evidence and must stand.

 An agent is bound to use reasonable care and skill in the performance of his agency, to use reasonable efforts to accomplish the purpose of his agency, and to disclose to his principal all relevant information coming to his knowledge.[1] The findings of the trial court established that Yelen failed in the performance of these duties, and the court properly denied him recovery. Other points raised by both appellees need not be considered.

Affirmed.

1. Restatement, Agency, §§ 379, 381, 409.